Louis Pechman
Vivianna Morales
Lillian Marquez
Pechman Law Group PLLC
488 Madison Avenue – 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON ZAVALA and MAYRA MEDINA, Plaintiffs, -against- FRANZINI FAMILY FOODS, INC. d/b/a FARMER JOEL'S, MICHAEL FRANZINI, and JOAN FRANZINI. Defendants. | **COMPLAINT** |

Plaintiffs Nelson Zavala ("Zavala") and Mayra Medina ("Medina") (collectively, "Plaintiffs") by their attorneys Pechman Law Group PLLC, complaining of Defendants Franzini Family Foods, Inc. d/b/a Farmer Joel's, Michael Franzini, and Joan Franzini (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. Plaintiffs bring this action to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Section 190 *et seq.* of the New York Labor Law ("NYLL").

2. Farmer Joel's is a delicatessen located at 177 Davison Avenue, Oceanside, New York 11572. The delicatessen is open from 6:00 a.m. to 7:00 p.m. on weekdays, from 6:00 a.m. to 6:00 p.m. on Saturdays, and from 6:00 a.m. to 3:00 p.m. on Sundays.

3. Defendants paid Plaintiffs, who worked as a cook and a porter and food preparer, at a straight-time rate for all hours worked, including hours worked in excess of forty per week. As a result, Defendants failed to compensate Plaintiffs at the appropriate overtime rate for hours that they worked in excess of forty per workweek, and failed to pay spread-of-hours pay.

4. Defendants also failed to furnish Plaintiffs with wage notices annually and whenever their daily pay rate changed, and accurate wage statements. In fact, Defendants paid Plaintiffs in cash on a weekly basis, without providing any form of wage statement.

5. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

6. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at Farmer Joel's, which is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff Zavala**

8. Zavala resides in Nassau County, New York.

9. Famer Joel's employed Zavala as a cook from approximately January 1992 to October 25, 2016.

10. Zavala was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

11. Zavala was a covered, non-exempt employee within the meaning of the FLSA and NYLL.

**Plaintiff Medina**

12. Medina resides in Hempstead, New York.

13. Farmer Joel's employed Medina as a porter and food preparer from 2009 to November 2016.

14. Medina was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

15. Medina was a covered, non-exempt employee within the meaning of the FLSA and NYLL.

**Defendants**

16. Defendant Franzini Family Foods, Inc. is a New York corporation that owns, operates, and does business as Farmer Joel's.

17. Farmer Joel's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Farmer Joel's has an annual gross volume of sales in excess of $500,000.

19. Farmer Joel's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. Michael Franzini ("Franzini") is the owner of Franzini Family Foods, Inc.

21. Throughout Plaintiffs' employment, Franzini hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay, work, and scheduling policies at Farmer Joel's.

22. Franzini interviewed and hired Plaintiffs.

23. Franzini directed and assigned Plaintiffs' daily work duties and assignments.

24. Franzini set Plaintiffs' hourly rates, and gave both Plaintiffs several raises throughout their employment.

25. Franzini set Plaintiffs' work schedule.

26. Franzini exercised sufficient control over Farmer Joel's operations to be considered Plaintiffs' employer under the FLSA and NYLL.

27. Joan Franzini ("Joan") supervises the work of employees at Franzini Family Foods, Inc.

28. Throughout Plaintiffs' employment, Joan directed the manner in which employees performed their daily duties and assignments.

29. Throughout Plaintiffs' employment, Joan had the authority to fire and discipline employees.

30. Joan directed and assigned Plaintiffs' daily work duties and assignments, disciplined them, and fired Plaintiffs and other employees, including Zavala's daughter.

31. Joan exercised sufficient control over Farmer Joel's operations to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff Zavala**

32. Throughout his employment, Defendants did not pay Zavala overtime compensation or spread-of-hours pay.

33. From 2010 until the end of his employment, Zavala regularly worked five days per week at Farmer Joel's.

34. Throughout his employment, Zavala worked approximately 80.5 hours per week. On Mondays, Tuesdays, and Wednesdays, Zavala worked from approximately 5:30 a.m. to 7:30 p.m. On Thursdays, Zavala worked from approximately 4:30 a.m. to 7:30 p.m. On Fridays, he worked from about 5:00 a.m. to 7:30 p.m., and on Saturdays, Zavala worked from approximately 4:00 a.m. to 1:00 p.m.

35. From 2010 until approximately 2014, Defendants paid Zavala $10 per hour for all hours worked, including hours worked over 40 per week.

36. From 2014 through the end of his employment, Defendants paid Zavala $11.50 per hour for all hours worked, including hours worked over 40 per week.

37. Defendants paid Zavala his wages in cash.

38. Defendants failed to furnish Zavala with annual wage notices and accurate wage statements.

39. Zavala's workday regularly exceeded 10 hours of work per day.

40. Zavala was denied spread-of-hours pay when the length of his workday exceeded ten hours.

**Plaintiff Medina**

41. Throughout her employment, Defendants did not pay Medina the statutory minimum wage, overtime compensation, or spread-of-hours pay.

42. From 2009 until in or about February 2016, Medina worked approximately 66 hours per week as a porter and a food preparer. Medina regularly worked six days a week from approximately 6:00 a.m. to 5:00 p.m.

43. From February 2016 until the end of her employment, Medina worked six days a week, from approximately 6:00 a.m. to 1:00 p.m., totaling about 42 hours per week.

44. Defendants paid Medina her wages in cash.

45. From 2009 until approximately 2015, Defendants paid Medina $7.25 per hour for all hours worked, including hours worked over 40 per week.

46. Starting in or about 2015, Defendants paid Medina $8.00 per hour for all hours worked, including hours worked over 40 per week.

47. Defendants failed to furnish Medina with annual wage notices and accurate wage statements.

48. From 2009 to February 2016, Medina's workday regularly exceeded 10 hours of work per day.

49. Medina was denied spread-of-hours pay when the length of her workday exceeded ten hours.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

50. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

51. Defendants were required to pay Plaintiffs one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

52. Plaintiffs regularly worked over forty hours per workweek.

53. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

54. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

55. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**SECOND CLAIM**
**(New York Labor Law – Unpaid Overtime)**

56. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

57. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs one and one half (1½) times the regular rate of pay for all hours worked in excess of forty.

58. Plaintiffs regularly worked over forty hours per workweek.

59. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL.

60. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

61. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law – Unpaid Minimum Wage)**

62. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

63. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs.

64. Defendants failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL.

65. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs minimum hourly wages.

66. As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interests.

**FOURTH CLAIM**
**(New York Labor Law – Spread-of-Hours Pay)**

67. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

68. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

69. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

70. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**FIFTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)**

71. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

72. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

73. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

74. In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, annually through 2014 or whenever there was a change to their rate of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

75. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SIXTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

76. Plaintiffs repeat and reallege all foregoing paragraphs as if set forth herein.

77. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

78. Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the regular or overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

79. Defendants failed to furnish Plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

80. Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b. declaring that Defendants have violated the minimum wage provisions of the NYLL;

c. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. awarding Plaintiff Medina unpaid minimum wages;

g. awarding Plaintiffs unpaid overtime wages;

h. awarding Plaintiffs unpaid spread-of-hours pay;

i. awarding Plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

j. awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

k. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

l. awarding Plaintiffs' reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 2, 2017

PECHMAN LAW GROUP PLLC

By: ______________________

Louis Pechman
Vivianna Morales
Lillian Marquez
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
marquez @pechmanlaw.com
*Attorneys for Plaintiffs*